**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Franklin Adakai, | No. CIV-03-0004-PHX-MHM |
| Plaintiff, | **ORDER** |
| vs. | |
| Salt River Project Agricultural Improvement and Power District, a quasi-municipal corporation of the State of Arizona, | |
| Defendant. | |

Currently, before the Court is Defendant's Motion for Clarification and in the Alternative Motion for Reconsideration. (Dkt. #121). Having reviewed the pleadings, the Court issues the following Order.

**I.    Background**

On August 29, 2005, this Court issued its Order denying Plaintiff's motion for summary judgment. (Dkt. #115). Moreover, the Court denied in part and granted in part Defendant's motion for summary judgment. Specifically, Defendant's motion for summary judgment was denied as to Plaintiff's Title VII claims set forth in Counts I (Retaliation) and II (Discrimination) and granted with respect to Count III (Harassment). In Section III(A) of the Order, the Court specifically addressed the Retaliation claim. The Court noted on page 4 that "[i]n order to establish a prima facie case of retaliation, Plaintiff must show: 1) he

1  engaged in protected activity; 2) he suffered an adverse employment decision; and 3) there

2  was a causal link between the protected activity and the adverse decision." <u>Villiarimo v.</u>

3  <u>Aloha Island Air, Inc.</u>, 281 F.3d 1054, 1064 (9th Cir. 2002).  The Court went on to address

4  these elements individually.  With respect to the first element of "protected activity," the

5  Court, after distinguishing the facts presented in <u>O'Day v. McDonnel Douglas Helicopters</u>

6  <u>Co.</u>, 79 F.3d 756, 763 (9th Cir. 1996) and <u>Kaplan v. City of Arlington</u>, 184 F. Supp.2d 553,

7  561 (N.D. Tex. 2002), held that "Plaintiff's complaints are neither as voluminous nor as

8  consistently hostile as those in <u>Kaplan</u> and, therefore, constitute protected activity." (August

9  29, 2005 Order, page 6).

10       Defendant, now, moves this Court, some two and one-half months after the Court's

11  Order, for clarification or in the alternative for reconsideration of the above quoted statement

12  appearing on page 6 of the Court's Order.  Specifically, Defendant takes issue with Plaintiff's

13  reliance on the statement as authority from this Court that Plaintiff's actions with respect to

14  his claim of Retaliation is deemed to be "protected activity" under 42 U.S.C. § 2000e-3(a)

15  as a matter of law.  The Court, although it believes its original Order was clear, will clarify

16  for the parties its position that Plaintiff's actions with respect to his Retaliation claim are

17  deemed to be "protected activity" as a matter of law and that reconsideration of this holding

18  is unnecessary.

19  **II.    Discussion**

20       **A.    Timeliness**

21       As a preliminary matter, Plaintiff notes that Defendant's pending motion was filed

22  approximately two and one-half months after the Court's Order addressing this issue.  Local

23  Rule 7.2(g) of the Arizona District Court Local Rules of Civil Procedure provides that "any

24  motion for reconsideration shall be filed no later than ten (10) days after the filing of the

25  Order that is the subject of the motion."  As such, Plaintiff argues that Defendant's motion

26  should be denied on this basis alone.  Plaintiff's position is well taken; however in the

27  interest of clarifying any ambiguity of the Court's previous Order and in light of the pending

28  trial in this matter, the Court will review Defendant's motion.

1

2
**B.    This Court Held That Plaintiff's Actions Constitute "Protected Activity"
3          As A Matter Of Law.**

4      As Plaintiff notes in his Responsive brief to the Court, there are several instances in

5   which the Court made clear its determination that Plaintiff's conduct with respect to his

6   Retaliation claim was deemed to be "protected activity" as a matter of law.

7      First, as noted above, on page 6 of the Order, the Court stated, "Plaintiff's complaints

8   are neither as voluminous nor as consistently hostile as those in <u>Kaplan</u> and, therefore,

9   constitute protected activity." Second, the Court stated, in addressing the issue of causation

10  that, "[t]hirdly, there are genuine issues of material fact regarding a causal link between

11  Plaintiff engaging in protecting activity and the adverse employment actions." Moreover,

12  in the same analysis, the Court concluded, "[t]hus, there is an inference of retaliation between

13  the adverse employment decisions followed 'on the heels' of Plaintiff's protected activity."

14  These statements, by clear inference, demonstrate that the Court finds Plaintiff's conduct at

15  issue of filing complaints to supervisors, human resources and labor organizations addressing

16  perceived discrimination by Defendant to be "protected activity" under 42 U.S.C. § 2000e-

17  3(a).

18  **C.    Defendant's Motion For Reconsideration**

19      Defendant argues that even if the Court ruled that, as a matter of law, Plaintiff's

20  activity constituted "protected activity" under 42 U.S.C. § 2000e-3(a), that the Court should

21  reconsider its position.  Defendant argues that because the determination regarding the

22  employee's opposition to unlawful discrimination involves a determination of

23  "reasonableness" "it necessarily involves a fact determination which is generally the province

24  of the jury to make." (Defendant's Motion, page 2).  Specifically, Defendant cites <u>Wrighten

25  v. Metropolitan Hospitals, Inc.</u>, 726 F.2d 1346, 1355 (9th Cir .1984) for the proposition that

26  the determination of whether the employee engaged in "protected activity" is "essentially a

27  factual one..."  However, Defendant's reliance on <u>Wrighten</u> is not persuasive and does not

28  suggest that the Court should reconsider its position.  Although the determination of

1   "protected activity" involves a fact determination there is ample authority demonstrating

2   instances in which courts have made this determination, as a matter of law.  For instance, as

3   Defendant fails to note, in <u>Wrighten</u>, the Ninth Circuit after stating that the determination of

4   reasonableness is factual went on to reverse the trial court's determination and held that the

5   plaintiff's actions did not exceed the protection of § 2000(e)(3). <u>Id.</u> at 1355.  Conversely, in

6   situations in which the evidence clearly demonstrates actions of unprotected activity, a court

7   may conclude as a matter of law that the disputed activity is not protected under §

8   2000(e)(3)'s opposition clause.  For instance, as the Court notes in its order, in <u>Kaplan v. City</u>

9   <u>of Arlington</u>, 184 F. Supp.2d 553, 565 (N.D. Tex. 2002) the district court held that the

10  plaintiff's conduct of filing numerous and hostile grievances and refusal to participate in the

11  investigation was not protected activity.   Moreover, in <u>O'Day v. McDonnel Douglas</u>

12  <u>Heliopters Co.</u>, 79 F.3d 756, 763 (9th Cir. 1996) the Ninth Circuit in balancing the purpose

13  of the Title VII "to protect persons engaging reasonably in activities opposing discrimination

14  against Congress' equally manifest desire not to tie the hands of the employer" held that the

15  plaintiff's conduct of stealing documents from his employer constituted a serious breach of

16  trust and was not "protected activity."[1]   The above authority exemplifies that courts are

17  permitted to make the determination of "protected activity."   As such, the Court was

18  permitted to conclude, as a matter of law, that the employee's conduct constitutes "protected

19  activity."

20  **Accordingly,**

21  **IT IS HEREBY ORDERED** denying Defendant's Motion for Clarification and in the

22  Alternative Motion for Reconsideration.   (Dkt. #121).

23

24

25

26

27  ────────────────────

28  [1]The Court expressly distinguished the holdings in <u>O'Day</u> and <u>Kaplan</u> in making its
determination that Plaintiff's complaints constitute protected activity.

1

2

3      DATED this 16th day of December, 2005.

4

5

6      _____
       Mary H. Murguia
7      United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28